# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHER ANN WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 16-08975-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Sherl Ann Wilson ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On December 31, 2012, Plaintiff filed an application for SSI, alleging disability beginning November 30, 2010. (Administrative Record ("AR") 147.) Her application was denied initially on June 12, 2013, and upon reconsideration on November 6, 2013. (AR 86, 101.) On May 15, 2015, Plaintiff filed a written

request for hearing, and a hearing was held on February 12, 2015. (AR 7, 31.) Represented by counsel, Plaintiff appeared and testified, along with a medical expert and an impartial vocational expert. (AR 33-49.) On March 31, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since December 31, 2012. (AR 16-26.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-4.) Plaintiff filed this action on December 5, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2012, the application date. (AR 18.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: attention deficit hyperactivity disorder, schizophrenia, major depressive disorder, anxiety, and substance abuse. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 20.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertion levels but with the following nonexertional limitations: can understand and remember tasks; can sustain concentration and persistence; can socially interact with co-workers and supervisors; and can adapt to workplace changes frequently enough to perform unskilled, low stress jobs that require

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

simple instructions, but should avoid jobs requiring interaction with the general public.

(AR 21.)

At **step four**, the ALJ found that Plaintiff has no past relevant work. (AR 25.) At **step five**, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Accordingly, the ALJ determined that Plaintiff has not been under a disability since the application date. (AR 26.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises two issues for review: (1) whether the ALJ provided specific and legitimate reasons to reject the opinions of Plaintiff's treating physicians; and (2) whether the ALJ provided clear and convincing reasons to reject Plaintiff's subjective symptoms. (Joint Stipulation ("JS") 4, Dkt. No. 20.) Plaintiff contends that the ALJ improperly rejected medical opinion evidence and erred in discounting the credibility of Plaintiff's testimony. (*See* JS 4-10, 18-20, 20-25, 30-32.) The Commissioner contends that the ALJ correctly rejected opinion evidence that was unsupported by the record and properly considered Plaintiff's subjective complaints. (JS 11-17, 25-30.) For the reasons below, the Court agrees with Plaintiff regarding the opinion evidence and remands on that ground.

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Plaintiff contends that the ALJ did not provide specific and legitimate reasons for rejecting the opinions of treating physicians Dr. Gus Dixon, M.D. and Dr. James Jen Kin, M.D. (*See* JS 4-5, 19.) The Commissioner contends that the ALJ properly weighed the opinion evidence. (*See* JS 11, 17.)

#### 1. Applicable Legal Standard

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th

Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). When a treating physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted). A non-examining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record and is consistent with it. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted).

**2. Discussion**

The ALJ gave Dr. Dixon's opinion "little, if any, weight," and provided four reasons for rejecting Dr. Dixon's statements. (AR 24.) The ALJ also gave "little, if any, weight" to Dr. Jen Kin's opinion "[f]or the same reasons." (*Id.*) Instead, the ALJ gave "great weight" to the opinions of a consultative psychiatric examiner and a state agency medical consultant. (AR 23-25.) The psychiatric examiner had found that Plaintiff had only "mild" limitations in some areas where Plaintiff's treating physicians had assessed more severe limitations. (AR 24, 453-54; *see* AR 486, 686-87.) Because the opinions of the treating physicians are contradicted by another medical opinion, the reasons for rejecting the treating physicians' opinions must be specific and legitimate, supported by substantial evidence. *See Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830.

/ / /

a. *Dr. Dixon*

First, the ALJ rejected Dr. Dixon's opinion that Plaintiff "is <u>unable to work</u>" due to her hepatitis C complications, major depression with psychotic features, generalized anxiety disorder with severe exacerbation due to illness, features of obsessive compulsive disorder, pruritis secondary to hepatic dysfunction, and interferon treatment. (AR 24, 477.) Dr. Dixon noted, "Her conditions will not improve enough in the <u>next 2 years</u>, to enable her to work full time, and to earn a living wage." (AR 477.) The ALJ explained that Dr. Dixon's statement "expresses an opinion on an issue reserved to the Commissioner." (AR 24.) An opinion on whether someone is disabled is an opinion on an issue reserved for the Commissioner because it is a dispositive administrative finding. *See* 20 CFR 416.927(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").[2] Accordingly, the ALJ correctly rejected Dr. Dixon's statement that Plaintiff was unable to work.

Next, the ALJ found that the record does not support Dr. Dixon's opinion that Plaintiff suffers from suicidal ideations and prior attempts. (AR 24.) Dr. Dixon's August 22, 2013 mental impairment questionnaire indicates that Plaintiff suffers from suicidal ideation and attempts, specifically noting a "recent suicide attempt" due to acute depression brought on by an interferon treatment. (AR 484.) The ALJ noted that the record shows no suicidal ideation, plan, or prior attempts; no homicidal intent; and no hallucinations. (AR 23, 24.) The ALJ misstates the record in part. Although hospital records from August 13 and August 14, 2013

---

[2] The ALJ based his rejection of Dr. Dixon's statement not on this section, but on 20 CFR 416.927(e). (AR 24.) However, that section states that "when an administrative law judge gives controlling weight to a treating source's medical opinion, the administrative law judge is not required to explain in the decision the weight he or she gave to the prior administrative medical findings in the claim."

6

show no suicidal plan or prior attempts (AR 616, 623, 626), they do indicate that Plaintiff suffers from suicidal ideations (AR 616, 618, 623, 625, 628, 631). Additionally—and as the ALJ noted (AR 23)—Plaintiff reported auditory hallucinations in the form of "hear[ing] voices" and "hearing her own thoughts what to do and what not to do." (AR 449.) The ALJ erred by rejecting Dr. Dixon's opinion for being inconsistent with a misstatement of the record. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (ALJ cannot selectively rely on some entries in administrative records and ignore others); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for an ALJ to ignore or misstate the competent evidence in the record in order to justify his conclusion).

The ALJ also noted that Plaintiff was discharged on the same day that she was admitted for an emergency psychiatric evaluation. (AR 24.) On the evening of August 13, 2013, Plaintiff was evaluated for her anxiety and was transferred for an emergency psychiatric evaluation. (AR 614, 618, 623.) Plaintiff was discharged the next day. (AR 626.) The ALJ does not explain how this incident is inconsistent with or otherwise discredits Dr. Dixon's opinion, thereby leaving the Court to unacceptably speculate about why the ALJ disregarded a treating physician's opinion. *See Ros v. Berryhill*, No. 2:15-CV-2389 DB, 2017 WL 896287, at *4 (E.D. Cal. Mar. 7, 2017) (citing *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014)) ("The court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions.").

Finally, the ALJ noted that Plaintiff's treatment was not continuous and ongoing. (AR 24.) In his earlier explanation for discounting Plaintiff's symptom testimony, the ALJ had noted records reflecting treatment in November 2012, April 2013, March 2014,[3] and May to June 2014. (AR 22; *see* AR 366, 372, 593-602.) The ALJ observed that "[t]he record reflects significant gaps in the claimant's

---

[3] The record does not contain evidence of treatment in March 2014, although records reveal treatment in March 2013. (AR 369-71, 374.)

7

history of treatment." (AR 22.) However, non-psychiatric treatment records from December 9, 2011 indicate that Plaintiff could not afford to see her psychologist, Dr. Dixon, sooner than every four months. (AR 403.) In March 2013, other treatment records indicated that Plaintiff had lost her insurance in December 2012. (AR 429.)

The Ninth Circuit has criticized the practice of discrediting evidence based on a lack of treatment "both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-300 (9th Cir. 1999) (internal quotation marks omitted) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). Moreover, "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). The ALJ erred by relying on Plaintiff's irregular treatment records without considering an explanation for the irregularity. *Marquez v. Astrue*, No. EDCV 09-1921-E, 2010 WL 1709204, at *2 (C.D. Cal. Apr. 27, 2010) ("Given the uncertainty surrounding the extent to which these errors [of relying on irregular treatment without considering the claimant's explanation] may have affected the ALJ's decision, including the ALJ's determinations to reject Plaintiff's credibility and to discount [a treating physician]'s opinion, the Court is unable to conclude that the errors were harmless.")

The Commissioner contends that "the inconsistencies in the medical opinion, the lack of significant clinical findings, and the contrary medical opinions[] were specific and legitimate reasons for the weight attributed to Dr. Dixon's opinions." (JS 13.) But those were not reasons that the ALJ provided, and the Court may not consider grounds upon which the ALJ did not rely. *See Orn*, 495 F.3d at 630; *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's

decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Although the ALJ correctly rejected Dr. Dixon's statement that Plaintiff was unable to work, the Court finds that the ALJ's remaining reasons for discrediting Dr. Dixon's opinions are not specific and legitimate reasons supported by substantial evidence.

b. *Dr. Jen Kin*

The ALJ also reviewed Dr. Jen Kin's medical source statement. (AR 24.) The ALJ noted that Dr. Jen Kin indicated moderate limitations in Plaintiff's ability to understand, remember, and carry out short, simple instructions. (AR 24, 686.) Dr. Jen Kin also indicated marked or extreme limitation in Plaintiff's ability to understand, remember, and carry out detailed instructions; make judgments on both simple and complex work-related decisions; maintain attendance and punctuality during a workday and workweek; perform at a consistent pace without more than regular breaks in a workday; interact appropriately with the public, supervisors, and coworkers; sustain an ordinary routine without special supervision; and respond appropriately to changes in a routine work setting. (AR 24, 686-87.) The ALJ gave Dr. Jen Kin's opinion "little, if any, weight" "[f]or the same reasons given above." (AR 24.) He also noted that "[t]here is no evidence of inpatient psychiatric treatment." (*Id.*)

The ALJ's mere recitation of Dr. Jen Kin's assessment, without interpreting the evidence or making findings, is insufficient to support the opinion's rejection. *See Reddick*, 157 F.3d at 725 (an ALJ's responsibility to provide specific and legitimate reasons supported by substantial evidence "can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"); *see also Garrison*, 759 F.3d at 1012-13 (citing *Nguyen*, 100 F.3d at 1464) ("[A]n ALJ errs when he rejects

a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). Furthermore, because the Court found that the reasons for discrediting Dr. Dixon's opinions were not specific and legitimate reasons supported by substantial evidence, "the same reasons given above" must also fail here.

Because the reasons provided by the ALJ for rejecting Dr. Dixon's and Dr. Jen Kin's opinions are not specific and legitimate, supported by substantial evidence, it is unclear whether the ALJ properly considered their opinions in accordance with the appropriate legal standards. Remand is therefore warranted for the ALJ to properly evaluate the medical opinions and determine Plaintiff's mental RFC.

### B. The Court Declines to Address Plaintiff's Credibility Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ erred in discounting the credibility of her testimony. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the

Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence to reject the opinions of Dr. Dixon and Dr. Jen Kin.

On remand, the ALJ shall reassess the opinions of Dr. Dixon and Dr. Jen Kin and provide legally adequate reasons for any portion of an opinion that the ALJ discounts or rejects. Further on remand, the ALJ shall reassess Plaintiff's subjective allegations in light of Social Security Ruling 16-3p—Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (S.S.A. Mar. 16, 2016), which would apply on remand. If necessary, the ALJ shall reassess Plaintiff's RFC, and then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

/ / /

/ / /

/ / /

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 9, 2017

*Rozella A. Oliver*

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**